OPINION
{¶ 1} Defendant-appellant Crocket Homes, Inc. ("Crocket") appeals the March 21, 2003 Judgment Entry entered by the Canton Municipal Court, which restored the instant action to the court's active docket after finding plaintiffs-appellees Roger L. Zachary, Sr., et al.'s (" the Zacharys") request for binding arbitration had not been accepted.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On August 10, 1999, Crocket and the Zacharys entered into a construction agreement, under which Crocket agreed to construct a new home for the Zacharys at 2621 Woodowl Street, NE, Canton, Ohio, and the Zacharys agreed to pay $139,660 for the home. The Zacharys selected and purchased the lot from Geo Development Corporation prior to entering into the agreement with Crocket.[1]
 {¶ 3} The agreement incorporated a ten year warranty through Residential Warranty Corporation ("RWC"), which provided:
 {¶ 4} "Your validated warranty will consist of this Application For Warranty, the RWC warranty book indicated at the top of this form, and any endorsement added thereto. * * * Purchaser understands and agrees that, if the warranty is validated, it is provided by the Builder in lieu of all other warranties, oral agreements or representations, and Builder makes no warranty, express or implied as to quality, fitness for a particular purpose, merchantability, habitability or otherwise, except as is expressly set forth in the Program." The warranty also included a provision for binding arbitration.
 {¶ 5} Crocket substantially completed the construction of home in May, 2000. After taking possession of the home, the Zacharys experienced water leaking into the basement and water retention in the backyard. The Zacharys alleged the problems were the result of improper construction of a footer drain, and improper grading and drainage of the yard.
 {¶ 6} On May 10, 2002, the Zacharys filed a Pro Se Complaint against Crocket and Geo Development in the Canton Municipal Court. Crocket filed a timely Motion To Stay, Pending Arbitration. The Zacharys filed a memorandum in opposition thereto. The trial court conducted an initial hearing on Crocket's motion on June 28, 2002, at which the parties agreed to explore a potential resolution of the matter. The trial court scheduled a follow up hearing for July 29, 2002. The parties' attempts to resolve the matter were unsuccessful. On July 25, 2002, Crocket filed a Supplemental Memorandum in support of its Motion to Stay, Pending Arbitration. The trial court conducted the follow up hearing on July 29, 2002. Via Judgment Entry filed July 31, 2002, the trial court granted Crocket's motion for stay, finding the Zacharys had assented to binding arbitration relative to construction quality issues.
 {¶ 7} The Zacharys notified RWC of a warranty claim in early September, 2002. On October 20, 2002, the Zacharys executed a request for binding arbitration. Via correspondence dated December 26, 2002, RWC responded to the Zacharys' request:
 {¶ 8} "RWC can not accept the Request for Binding Arbitration due to the fact that the two issues that were added to the Request for Binding Arbitration Form are not addressable for the coverage period of the home under the Limited Warranty. Section II.C. and IV.A.4 of the RWC Limited Warranty states the acceptable procedures of notifying RWC of any Year One (1) issues. The time of notification was September 11, 2002, with an effective date of the Limited Warranty as May 19, 2000. Therefore, as indicated in the October 25, 2002 letter to you, these issues are only addressable under Year One coverage. The home is presently in the Year Three (3) coverage period.
 {¶ 9} "The timing of notice issue is separate from a coverage issue and therefore the arbitration service will not rule on both issues during the same arbitration. The only issues that can be arbitrated is,if the notice was proper for year one coverage based upon the timing ofnotice requirements based on Section IV.A.4 of the limited warranty.
 {¶ 10} "If it is determined by the Arbitrator that the timing notice is appropriate, then RWC must be given the opportunity to inspect the conditions to determine coverage. * * *"
 {¶ 11} Thereafter, the Zacharys filed a Motion to Restore Case to Active Docket. Crocket filed a memorandum in opposition thereto. Via Judgment Entry filed March 21, 2003, the trial court found RWC had not accepted the Zacharys' request for binding arbitration and restored the case to the active docket.
 {¶ 12} It is from this judgment entry Crocket appeals raising as his sole assignment of error:
 {¶ 13} "I. THE TRIAL COURT ERRED WHEN IT INITIALLY REFERRED THE PARTIES' HOME CONSTRUCTION DISPUTE TO ARBITRATION, AND SUBSEQUENTLY EXCUSED THE PLAINTIFF-APPELLEE HOME BUYERS FROM THEIR CONTRACTUAL OBLIGATION TO ARBITRATE THEIR CLAIMS."
 I {¶ 14} Herein, Crocket maintains the trial court erred in excusing the Zacharys from binding arbitration after originally referring the matter thereto. We disagree.
 {¶ 15} As a preliminary matter, we note that an order which denies a stay pursuant to R.C. 2711.02 is a final appealable order. R.C.2711.02(C). The standard of review for a decision to deny a motion to stay the proceedings pending arbitration is abuse of discretion. HarscoCorp. v. Crane Carrier Co. (1997), 122 Ohio App.3d 406. "Abuse of discretion" connotes more that an error of law or judgment; it implies that the court is unreasonable, arbitrary or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 16} The Zacharys attempted to arbitrate three issues, one relative to notice, and two relative to coverage. Pursuant to the December 26, 2002 correspondence from RWC, the issues could not be arbitrated together, and the determination of whether the Zacharys properly notified RWC within the applicable time frame had to be made initially. The December 26, 2002 correspondence indicated any arbitration relative to notice would not be resolved in the Zacharys' favor. Therefore, any arbitration of this issue would, for all practical purposes, be a waste of time. The coverage issues would never be reached through the arbitration process. Because pursuit of arbitration would be meaningless, we find the trial court did not abuse its discretion in denying Crocket's Motion for Stay, Pending Arbitration.
 {¶ 17} Crocket's sole assignment of error is overruled.
 {¶ 18} The judgment of the Canton Municipal Court is affirmed.
By: Hoffman, P.J., Farmer, J., and Wise, J. concur.
[1] Geo Development is not a party to this appeal.