JOURNAL ENTRY AND OPINION
{¶ 1} Attorney Shelbra Haggins appeals from the order of the trial court which denied her motion to enforce an arbitration agreement signed by her former client Walter Thornton. For the reasons set forth below, we affirm.
 {¶ 2} The record reveals that Haggins represented plaintiff Walter Thornton in an action against the City of Cleveland Heights. The United States District Court for the Northern District subsequently dismissed the matter after Thornton failed to provide discovery. On January 24, 2003, Thornton filed the instant matter against Haggins, Darryl Pittman, Pittman Alexander, and James E. Carson. On March 19, 2003, defendant Haggins filed a "Motion for Leave to File a Motion to Dismiss; Motion to Compel Joinder; Motion for More Definite Statement; Motion to Strike Complaint; Motion to Strike from the Complaint; Motion to Squash [sic] Summons or Service of Summons Defenses." The following month, defendant Haggins filed a motion to dismiss Thornton's complaint pursuant to Civ.R. 12(B)(6) in which she asserted, inter alia, that the matter should be referred to arbitration because Thornton agreed that "any controversy or claim arising out of or relative to [Haggins' retainer agreement] or breach thereof shall be settled by arbitration * * *." She also asserted that the malpractice claim was barred by the statute of limitations. One month later, Haggins filed an answer and counterclaim against Thornton.
 {¶ 3} On May 23, 2003, Haggins filed a motion to stay proceedings and compel arbitration. The trial court denied the motion and defendant now appeals, assigning four errors for our review.
 {¶ 4} Within her assignments of error,[1] defendant Haggins asserts that the arbitration provision set forth in the retainer agreement is valid and enforceable and that the trial court therefore erred in refusing to stay the matter. In opposition, plaintiff asserts pursuant to Board of Commissioners on Grievances and Discipline Opinion 96-9, a retainer agreement should not contain language requiring a client to prospectively agree to arbitrate professional ethical misconduct disputes. He further asserts that the agreement at issue herein impermissibly purports to limit an attorney's liability for personal malpractice, in contravention of DR 6-102(A), because it sets forth a one year limitations period whereas the limitations period actually runs from one year of discovery of malpractice. He further maintains that the trial court did not abuse its discretion because he signed the arbitration agreement only with defendant Haggins, and the trial court could therefore properly deny this defendant arbitration in order to prevent bifurcated proceedings.
 {¶ 5} As a preliminary matter, we note that an order which denies a stay in order for arbitration to proceed is a final appealable order. R.C. 2711.02(C); Sexton v. Kidder Peabody Co. (Mar. 7, 1996), Cuyahoga App. No. 69093.
 {¶ 6} We further note that such action is reviewed for an abuse of discretion. Strasser v. Fortney Weygandt, Inc. (Dec. 20, 2001), Cuyahoga App. No. 79621; Zachary v. Crocket Homes, Inc., 2003 Ohio 5237, Stark App. No. 2003CA00131. An abuse of discretion "connotes more that an error of law or judgment; it implies that the court is unreasonable, arbitrary, or unconscionable." Id., citing Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 7} With regard to the substantive issues raised herein, it It is well-established that Ohio and federal courts encourage arbitration to settle disputes between parties. Miller v. Household Realty Corp.,2003 Ohio 3359, Cuyahoga App. No. 81968; ABM Farms, Inc. v. Woods
(1998), 81 Ohio St.3d 498, 500, 1998 Ohio 612, 692 N.E.2d 574. Indeed, there is a strong presumption in favor of arbitration.David Wishnosky v.Star-Lite Bldg. Dev. Co. (Sept. 7, 2000), Cuyahoga App. No. 77245. Moreover, arbitration may be ordered even where doing so will result in bifurcated proceedings. Dean Witter Reynolds v. Byrd (1985), 470 U.S. 213,220-221; 105 S.Ct. 1238; 84 L.Ed.2d 158.
 {¶ 8} With particular regard to whether an attorney's retainer agreement may contain an agreement to arbitrate attorney-client disputes, the Ohio Supreme Court Board of Commissioners on Grievances and Discipline Opinion 96-9 "advise[d] that an engagement letter between an attorney and client should not contain language requiring a client to prospectively agree to arbitrate legal malpractice disputes." Though the Board did not conclude that such provisions constitute a per se attempt to limit attorney liability in violation of DR 6-102(A), it admonished that such agreements run contrary to the fundamental duty to represent the client zealously. The Board indicated that before entering into such prospective agreements most clients would benefit from the advice of separate counsel and that it reflects poorly on the profession for clients to have to "hire a lawyer to hire a lawyer." In Wilsman Schoonover, LLC v. Millstein, 2003 Ohio 3258, Cuyahoga App. No. 82006 andPalkovitz v. Fraiberg, 122 Ohio App.3d 712, 702 N.E.2d 935, (1997), this court considered whether fee disputes were to be resolved pursuant to arbitration agreements set forth in the attorney retainer agreements, and, in the context of such fee disputes, we upheld the arbitration agreements. Although we observed that the provisions required the clients to arbitrate "dispute[s] * * * including legal malpractice," we did not specifically comment upon the validity of such agreements as they pertain to malpractice disputes.
 {¶ 9} While no Ohio case has addressed the issue of whether a provisions requiring a client to arbitrate legal malpractice claims is valid and enforceable, other jurisdictions have reached divergent conclusions. See McGuire, Cornwell Blakely v. Grider (1991 D.C. Col.), 765 F. Supp. 1048 (the court ordered the matter submitted to arbitration over the client's objection that the agreement was void in light of a rule of professional conduct prohibiting an attorney from prospectively limiting his or her liability for malpractice); Derfner Mahler, LLP v. Rhoades (1999), 683 N.Y.S.2d 509, 257 A.D.2d 431 (on its face, arbitration provision in retainer did not violate rules of ethics); cf. Lawrence v. Walzer Gabrielson (1989),207 Cal.App.3d 1501, 256 Cal.Rptr. 6 (1989) (arbitration agreement did not apply to client's claims of malpractice and breach of fiduciary duty); In re Godt, 28 S.W.3d 732 (Tex.App. Corpus Christi 2000) (arbitration provision was not enforceable because the client did not act on the advice of independent counsel, nor did independent counsel sign the agreement).
 {¶ 10} We are persuaded by the cases finding such agreements unenforceable with regard to the malpractice disputes, and we find the reasoning set forth in Opinion 96-9 compelling. We agree that the best interests of the client require consultation with an independent attorney in order to determine whether to prospectively agree to arbitrate attorney-client disputes. Such agreements are therefore not knowingly and voluntarily made absent such independent consultation. We therefore conclude that, to the extent that the trial court relied upon Opinion 96-9 in denying defendant's request for a stay for arbitration, it acted well within its discretion.
 {¶ 11} Moreover, we believe that defendant has waived her right to proceed with arbitration by filing a counterclaim and "Motion for Leave to File a Motion to Dismiss; Motion to Compel Joinder; Motion for More Definite Statement; Motion to Strike Complaint; Motion to Strike from the Complaint; Motion to Squash [sic] Summons or Service of Summons 
Defenses" in this matter.
 {¶ 12} A party may waive any of its contractual rights, including the right to arbitration. "The essential question is whether, based on the totality of the circumstances, the party seeking arbitration has acted inconsistently with the right to arbitrate." Harsco Corp. v. CraneCarrier Co. (1997), 122 Ohio App.3d 406, 410, 701 N.E.2d 1040. To determine whether a defendant acted inconsistently with arbitration, the court should consider: "(1) any delay in the requesting party's demand to arbitrate via a motion to stay judicial proceedings and an order compelling arbitration; (2) the extent of the requesting party's participation in the litigation prior to its filing a motion to stay the judicial proceeding, including a determination of the status of discovery, dispositive motions, and the trial date; (3) whether the requesting party invoked the jurisdiction of the court by filing a counterclaim or third-party complaint without asking for a stay of the proceedings; and (4) whether the non-requesting party has been prejudiced by the requesting party's inconsistent acts." Id. quoting Phillips v. LeeHomes, Inc. (Feb. 17, 1994), Cuyahoga App. No. 64353, and citing Rock v.Merrill, Lynch, Pierce, Fenner Smith, Inc. (1992),79 Ohio App.3d 126, 606 N.E.2d 1054; Brumm v. McDonald Co.Securities, Inc. (1992), 78 Ohio App.3d 96, 603 N.E.2d 1141.
 {¶ 13} In this instance, defendant waived her right to arbitration by participating in the litigation through extensive motion practice, invoking the jurisdiction of the court by filing a counterclaim, and waiting until the matter had been pending for four months before formally requesting arbitration. Accordingly, we are unable to conclude that the trial court abused its discretion in this matter. The assignments of error are without merit.
Affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Michael J. Corrigan, P.J., and Sean C. Gallagher, J., concur.
 Defendant's Assignments of Error {¶ 14} "1. The trial court erred by overruling appellant's Motion to Stay Proceedings and Referral to Arbitration where appellant had properly asserted her right to arbitration as an affirmative defense in her answer and filed a Motion for Stay of Proceeding.
 {¶ 15} "2. The trial court erred by overruling appellant's Motion to Stay Proceedings and Referral to Arbitration because the retention agreement was a valid contract which contained a valid and enforceable arbitration clause and appellant, applying for the stay was not in default in proceeding with arbitration, her motion for stay must be granted under the statute.
 {¶ 16} "3. The trial court erred by failing to grant appellant's Motion for Protective Order and to Stay Discovery while the Motion to Stay Proceedings was pending.
 {¶ 17} "4. The trial court erred by granting Appellee's Motion to Compel Discovery and for Costs, while appellant's Motion to Stay Proceedings and Referral to Arbitration were still pending before the court and overruling Appellant's Motion for Cost."
[1] See Appendix.