ACCELERATED JOURNAL ENTRY OPINION
{¶ 1} Defendant-appellant Merrill Lynch, Pierce, Fenner and Smith, Inc. ("Merrill Lynch") appeals from the judgment of the trial court that denied its application for a stay of trial pending arbitration. For the reasons set forth below, we reverse the judgment of the trial court and remand for further proceedings.
 {¶ 2} Plaintiffs-appellees, the Joseph J. McKee Trust through Joan McKee as Trustee, and Joan McKee in her individual capacity ("McKee") filed a complaint in the Cuyahoga County Court of Common Pleas in September of 2003, alleging that Merrill Lynch negligently and fraudulently provided tax advice, negligently completed an IRA distribution form and breached its fiduciary duty. McKee's complaint arose from Merrill Lynch's service of a retirement account. Merrill Lynch filed a motion to stay pending arbitration, which the trial court denied. It is from this ruling that Merrill Lynch appeals, asserting this sole assignment of error for our review:
 {¶ 3} "I. The trial court abused its discretion when it denied Defendant Merrill Lynch, Pierce, Fenner and Smith, Inc.'s motion to stay pending arbitration and stay the action pending arbitration in accordance with the written agreements, as mandated by Ohio Rev. Code Ann. Section 2711.02."
 {¶ 4} In its sole assignment of error, Merrill Lynch contends that McKee is subject to arbitration for the within dispute arising out of the transfer of funds from Joseph McKee's IRA account (612-87032) to the Joseph J. McKee Irrevocable Trust (612-40756). As a preliminary matter, we note that an order which denies a stay in order for arbitration to proceed is a final appealable order. R.C. 2711.02(C); Sexton v. Kidder Peabody Co. (Mar. 7, 1996), Cuyahoga App. No. 69093.
 {¶ 5} We further note that such action is reviewed for an abuse of discretion. Strasser v. Fortney Weygandt, Inc. (Dec. 20, 2001), Cuyahoga App. No. 79621; Zachary v. Crocket Homes,Inc., 2003-Ohio-5237, Stark App. No. 2003CA00131. An abuse of discretion "connotes more that an error of law or judgment; it implies that the court is unreasonable, arbitrary, or unconscionable." Id., citing Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 6} With regard to the substantive issues raised herein, it is well-established that Ohio and federal courts encourage arbitration to settle disputes between parties. Miller v.Household Realty Corp., 2003-Ohio-3359, Cuyahoga App. No. 81968;ABM Farms, Inc. v. Woods (1998), 81 Ohio St.3d 498, 500,1998-Ohio-612. Indeed, there is a strong presumption in favor of arbitration. David Wishnosky v. Star-Lite Bldg. Dev. Co.
(Sept. 7, 2000), Cuyahoga App. No. 77245.
 {¶ 7} In this case, McKee maintains that she was not a party to the contract, and thus the arbitration clause is not binding upon her. Specifically, she avers that any arbitration clause contained in her deceased husband's IRA account contract for account number 612-87032 does not apply to her. In the alternative, McKee maintains that the arbitration clause is unconscionable and thus unenforceable.
 {¶ 8} In its judgment entry denying the motion to stay, the trial court denied the motion without any explanation. It is unclear whether the trial court denied the motion because it found the arbitration clause did not apply to McKee or because the arbitration clause was unenforceable. In the absence of an explanation, we proceed to the determination of whether the arbitration clause applied to McKee.
 {¶ 9} In this case, McKee controlled six accounts held with Merrill Lynch. She maintains that because the within lawsuit arises out of the negligent servicing of account number 612-87032, the arbitration agreement does not apply to her because only her deceased husband signed that particular agreement. It follows, she argues, that she cannot be subject to arbitration because she did not agree to it and thus, the trial court's decision to deny the motion to stay proceedings pending arbitration was proper.
 {¶ 10} We note initially that "[a]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit. * * * This axiom recognizes the fact that arbitrators derive their authority to resolve disputes only because the parties have agreed to submit such grievances to arbitration." ATT Technologies Inc.v. Communications Workers of Am. (1986), 475 U.S. 643, 648-649, quoting Warrior Gulf, supra, 363 U.S. at 582, Council ofSmaller Ent. v. Gates (1998), 80 Ohio St.3d 661, 666,1998-Ohio-172. The Ohio Supreme Court has held, however, that where a non-signatory third party derives its interests from contracting parties who agreed to arbitration under a medical malpractice liability insurance policy, they too are bound by an arbitration provision and have no greater right to a judicial interpretation of the agreement. Gerig v. Kahn,95 Ohio St.3d 478, 2002-Ohio-2581.
 {¶ 11} On January 10, 2002, Joan McKee signed a "Merrill Lynch Client Relationship Agreement" regarding Merrill Lynch Relationship Number 612-40756. The client relationship agreement contained an arbitration provision which stated, "* * * That in accordance with paragraph 11 of the client relationship agreement I am agreeing in advance to arbitrate any controversies that may arise with you * * *."
 {¶ 12} Paragraph 11 of the client relationship agreement provides:
 {¶ 13} "I agree that all controversies that may arise between us shall be determined by arbitration. Such controversiesinclude, but are not limited to, those involving anytransaction in any of my accounts with you, or the construction,performance or breach of any agreement between us, whether entering into or occurring prior, on or subsequent to the date thereof * * *."
 {¶ 14} We find that the plain language of the arbitration clause provides that any dispute arising out of any account with Merrill Lynch or any transaction with Merrill Lynch is subject to arbitration. McKee complains that Merrill Lynch negligently serviced one of her accounts, a dispute which she agreed to arbitrate when she signed the agreement. We therefore find that the arbitration clause applies to McKee and will be binding upon her if it is found to be enforceable.
 {¶ 15} Regarding whether the arbitration clause is enforceable, we note that under Ohio law, a contract clause is unconscionable where there is the absence of meaningful choice on the part of one of the parties to a contract, combined with contract terms that are unreasonably favorable to the other party. Collins v. Click Camera Video, Inc. (1993),86 Ohio App.3d 826, 834. It is determined by application of a two-part test: (1) are there unfair and unreasonable contract terms, i.e., "substantive unconscionability;" and (2) are there individualized circumstances surrounding each of the parties to a contract such that no voluntary meeting of the minds was possible, i.e., "procedural unconscionability." Id.
 {¶ 16} In this case, there is some indication that the enforceability of the arbitration provision is questionable. However, the record is not developed regarding any circumstances surrounding the nature and execution of the provision. We therefore find that this matter must be reversed and remanded in order to develop additional facts which would support any determination by the trial court regarding whether the arbitration agreement between McKee and Merrill Lynch is enforceable. Accord Sikes v. Ganley Pontiac Honda, et al.
(Sept. 13, 2001), Cuyahoga App. No. 79015 and Suttle v.DeCesare (July 5, 2001), Cuyahoga App. No. 77753, (trial court properly denied the Suttles' argument that the arbitration clause was unconscionable, because they produced no evidence to support such a claim).
Judgment reversed and remanded for proceedings consistent with this opinion.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellees their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J., concurs. Kilbane, P.J., concurs in Judgment Only.