JOURNAL ENTRY AND OPINION
{¶ 1} Defendants-Appellants Accelerated Systems, Inc. ("ASI"), Michael T. Joseph ("MJ"), and Michael T. Joseph ESBT ("ESBT") (collectively "appellants") appeal the judgment of the Cuyahoga County Court of Common Pleas that confirmed a neutral accounting determination and awarded prejudgment interest in favor of plaintiff-appellee MRK Technologies ("MRK").[1] For the reasons stated below, we affirm in part, modify in part, and remand for execution of judgment.
 {¶ 2} Under the amended complaint filed in this action, MRK asserted a claim against appellants for breach of contract and specific performance. MRK alleged appellants failed to abide by the mandatory procedures for resolving a bonus dispute as set forth in an agreement between the parties dated October 12, 1999.
 {¶ 3} The agreement was a separation agreement under which ESBT, as successor to MJ, was to sell its interest in ASI to ASI, and ASI was to transfer certain rights and interests to ESBT, MJ and/or ASI. Section 10 of the agreement set forth the alternative dispute resolution ("ADR") procedures to be followed in the event of a dispute under the agreement. However, section 10 excluded matters specifically addressed in section 5 of the separation agreement.
 {¶ 4} Section 5 covered bonus rights, accounting procedures and adjustments, and related financial matters. This section set forth a three-step procedure to be observed to properly account for and calculate the bonus entitlements of MJ and his two business partners in MRK, Michael and Diane Kennedy ("MK/DK"), through December 31, 1999. The agreement provides in relevant part:
"(i) Promptly following the Second Closing, the Company's independentaccountants, Hausser Taylor, shall perform an audit and examination ofthe Company's financial statements for the year ended December 31, 1999,and as promptly subsequent to December 31, 1999, as feasible, and in anyevent within a period of sixty (60) days, deliver to the parties heretoits audit report and calculation of bonus entitlements of MJ and MK/DK,respectively. * * *
"(ii) Upon receipt of this audit report and calculation each of MJ andMK/DK, at his (or their) own expense, may engage certified publicaccountants to review and examine the financial records of the Company,the work papers of Hausser Taylor and other matters necessary toanalyze and evaluate such report and calculation. If within a period ofthirty (30) days following delivery of the Hausser Taylor report andcalculation, either MJ and/or MK/DK gives notice (as provided herein) ofobjection to such report and/or calculation and their accompanyingfinancial statements as not fairly presenting in all material respectsthe results of operations and financial condition of the Company as atand for the twelve (12) months ended December 31, 1999 in accordance withgenerally accepted accounting principles consistently applied, any suchobjection or objections shall be resolved by consultation of Hausser Taylor with the accounting representatives designated by MJ and/or MK/DKrespectively. The parties and their respective accountants agree tonegotiate in good faith any remaining differences and, if unable toresolve such differences to their mutual satisfaction, shall engage anindependent accounting firm to review and resolve any such differences.MJ and MK/DK shall share the costs of such final accounting equally. * * *
"(iii) Within a period of fifteen (15) days following the determinationof the bonus rights of MJ and MK/DK as provided above, the Company shallpay, or MJ and MK/DK shall return to the Company, bonus amounts ascalculated by the accountants."
 {¶ 5} Hausser Taylor completed its end-of-year audit and determined that MRK had overdistributed bonus money in 1999 and that MJ owed $1,045,000. In the amended complaint to this action, MRK alleged MJ disputed this amount and each party had retained an expert to evaluate the bonus issue. MRK further alleged it made efforts with ASI to resolve the dispute through ADR, but ASI had abandoned the process. MRK brought this action claiming breach of contract and seeking specific performance of the ADR provisions.
 {¶ 6} After the filing of this action, numerous pleadings were filed, including various discovery motions by ASI. MRK filed an unopposed "motion to enforce alternative dispute resolution provision in contract." The trial court held a set of pretrials, as a result of which the discovery motions were declared moot, further discovery was stayed, and ASI was instructed to contact a neutral accountant, Michael Nesser, to determine his availability to calculate bonuses. Thereafter, the court appointed Michael Nesser to resolve the differences regarding the calculation of the bonus pursuant to the terms of the separation agreement. No objection was made by the parties.
 {¶ 7} Following the appointment of the neutral accountant to resolve the bonus dispute, ASI filed a number of motions seeking to enforce the ADR provisions of the separation agreement. During this time, appellants apparently discharged Michael Nesser and the court appointed a second neutral accountant, Thomas Campbell of Meaden Moore, LLP, to continue Michael Nesser's work. No objection was made by the parties.
 {¶ 8} Thomas Campbell completed a report that concluded appellants owed MRK $882,923. MRK moved for an order confirming the determination pursuant to R.C. 2711.09 and for prejudgment interest pursuant to R.C.1343.03. ASI filed a motion to prevent the accountant's findings from being reduced to judgment and a motion to have the matter sent to ADR. The trial court denied ASI's motions and granted MRK's motions. The court awarded judgment in favor of MRK and against appellants, jointly and severally, in the amount of $882,923, with prejudgment interest beginning to run on February 29, 2000.
 {¶ 9} Appellants have brought this appeal, raising eight assignments of error for our review. As an initial matter, we note that appellants' brief and reply brief fail to comply with the Rules of Appellate Procedure. Pursuant to App.R. 19(A), a brief must be double-spaced in twelve-point font, and type matter may not exceed 6½ by 9½ inches. A reply brief may not exceed 10 pages. We note that although appellants' reply brief is ten full pages, it has reduced margins and type size. While the reply brief is noncompliant with the rule, this court nevertheless believes that, where possible, legal issues should be decided on the merits.
 {¶ 10} In addition, appellants' main brief fails to comply with App.R. 16. Pursuant to App.R. 16(A), an appellant's brief is to contain references to the place in the record where each alleged error is reflected and to portions of the record upon which the appellant relies. It is not the duty of this court to sort through the record to root out arguments and evidence in support of an appellant's assignment of error. Absent specific references to the record, unsubstantiated assertions need not be considered by the court. See App.R. 12(A)(2).
 {¶ 11} In this case, appellants' brief is replete with alleged errors and assertions that lack appropriate references to the record. Although not required, this court has rooted through the record in search of unaccounted-for errors. To the extent that this court can address the merits of the appeal from our review of the record, we shall address the assignments of error.
 {¶ 12} Parties in appellate practice run the risk of not having issues reviewed when they fail to follow the prescribed rules of appellate procedure. Such procedure exists to benefit litigants in the expedited review of issues raised on appeal. Counsel are admonished to comply with all applicable rules in future filings with this court.
 {¶ 13} For clarity of review, we shall address the assignments of error out of order and together where appropriate. We begin by addressing assignments of error one and two, which provide:
"Assignment of Error 1: The trial court erred by hearing this matter asit did not have any jurisdiction due to the very specific arbitration andADR procedures contained in the separation agreement between theparties.
 "Assignment of Error 2: The trial court erred in refusing to send thecontract interpretation issues of the separation agreement, which arosein the process to arbitration, as specifically provided for under theseparation agreement."
 {¶ 14} Before addressing these assignments of error, we first consider the nature of the contract provisions at issue. Throughout the briefs in this action, the parties raise an issue about whether the procedure for resolving the bonus dispute constitutes an arbitration provision or a form of non-binding ADR.
 {¶ 15} The Supreme Court of Ohio has stated that "[a]rbitration occurs when disputing parties contractually agree to resolve their conflict by submitting it to a neutral third party for resolution." Mahoning CountyBd. of Mental Retardation Developmental Disabilities v. MahoningCounty TMR Educ. Assn. (1986), 22 Ohio St.3d 80, 83. Pursuant to the separation agreement in this case, the parties agreed to submit unresolved differences regarding the bonus to a neutral third party for determination.
 {¶ 16} Although section 5 of the separation agreement does not use the specific term "arbitration," the language of the agreement manifests an intent by the parties to have unresolved bonus disputes determined by an independent accounting firm and for that determination to be final. The procedure set forth by the parties for determining unresolved bonus disputes falls within the definition of an arbitration. See McDonnellDouglas Fin. Corp. v. Pennsylvania Power Light Co. (2d Cir. 1988),858 F.2d 825, 830 (explaining that a provision constitutes an arbitration clause if its language "manifests an intention by the parties to submit certain disputes to a specified third party for binding resolution");Butler Prods. Co. v. Unistrut Corp. (7th Cir. 1966), 367 F.2d 733, 734-36
(treating as an arbitration clause a provision that required the submission of disputes to an accounting firm for resolution).
 {¶ 17} Under the first and second assignments of error, appellants claim that the trial court did not have jurisdiction over the matter, that the trial court should have sent disputes concerning the ADR procedure to arbitration, and that the ADR process was not followed.
 {¶ 18} It is well settled that a party may waive any of its contractual rights, including the right to arbitration. Thornton v.Haggins, Cuyahoga App. No. 83055, 2003-Ohio-7078; Hogan v. CincinnatiFin. Corp., Trumbull App. No. 2003-T-0034, 2004-Ohio-3331. "The essential question is whether, based on the totality of the circumstances, the party seeking arbitration has acted inconsistently with the right to arbitrate." Thornton, supra, quoting Harsco Corp. v. Crane Carrier Co.
(1997), 122 Ohio App.3d 406.
 {¶ 19} Section 10 of the separation agreement specifically excludes the bonus matters addressed in section 5 from the ADR procedure for resolving disputes under the contract. Even if appellants had a right to have disputes concerning the three-step procedure set forth in section 5 resolved in arbitration, this right would have been subject to waiver.
 {¶ 20} In considering whether appellants acted inconsistently with any right to arbitration or with the ADR procedure set forth in the contract, we apply the standard we set forth in Thornton, supra:
"To determine whether a defendant acted inconsistently witharbitration, the court should consider: `(1) any delay in the requestingparty's demand to arbitrate via a motion to stay judicial proceedings andan order compelling arbitration; (2) the extent of the requesting party'sparticipation in the litigation prior to its filing a motion to stay thejudicial proceeding, including a determination of the status ofdiscovery, dispositive motions, and the trial date; (3) whether therequesting party invoked the jurisdiction of the court by filing acounterclaim or third-party complaint without asking for a stay of theproceedings; and (4) whether the non-requesting party has been prejudicedby the requesting party's inconsistent acts.'"
 {¶ 21} Id., quoting Harsco, 122 Ohio App.3d at 414.
 {¶ 22} After reviewing this case, we find appellants waived their rights by participating in the litigation including pretrials, filing numerous pleadings including a counterclaim, and waiting until after the court appointed a neutral accountant to file a motion requesting that the action be stayed. Accordingly, we find no abuse of discretion in the court's proceeding with the action. We also recognize that R.C. 2711.03(A) authorizes an aggrieved party to petition the court for an order directing that the arbitration proceed in the manner provided in the written agreement. To the extent R.C. 2711.03(B) authorizes a party to demand a jury trial on the issue of the making of an arbitration agreement or the failure to perform under the agreement, we find the parties waived this issue by proceeding with the neutral accountant without objection.
 {¶ 23} Assignments of error one and two are overruled.
 {¶ 24} Appellants' fourth, fifth, sixth and eighth assignments of error provide:
"Assignment of Error 4: The trial court erred when it did not followthe terms of the contract as laid out by the parties in the separationagreement.
 "Assignment of Error 5: The trial court erred when it refused to allowany discovery to be conducted in this matter.
 "Assignment of Error 6: The trial court erred when it unlawfullylimited the scope of defendant's expert's opinions as to damages.
 "Assignment of Error 8: The trial court erred in denying a jury trialdespite requests from both parties."
 {¶ 25} Under these assignments of error, appellants argue that the trial court erred in the manner in which the matter was handled. We find appellants waived the various objections with respect to the manner in which the trial court proceeded with the action.
 {¶ 26} Waiver is the voluntary surrender or relinquishment of a known legal right or intentionally doing an act inconsistent with claiming that right. Marfield v. Cincinnati, D T Traction Co. (1924),111 Ohio St. 139, 145. Moreover, a party may waive the right to literal compliance with the terms of a contract by engaging in actions or a course of conduct inconsistent with literal compliance. Daniel E. Terreri Sons v. Bd. of Mahoning County Comm'rs, 152 Ohio App.3d 95, 100,2003-Ohio-1227, citing 13 Williston (4 Ed. 2000) at 628, Section 39:29.
 {¶ 27} A review of the record shows that ASI filed various motions to obtain discovery from Hausser Taylor and MRK, which ASI claimed was necessary for preparing a defense to the breach of contract action. However, MRK filed a motion to enforce the ADR provision in the contract, and the court, after a set of pretrials, ordered the appointment of a neutral accountant to resolve the differences regarding the calculation of the bonus pursuant to the terms of the separation agreement. Appellants did not oppose the appointment of a neutral accountant to resolve the differences. Apparently, as a result of the parties not objecting to proceeding with a neutral accountant, the trial court declared ASI's pending discovery motions moot and stayed further discovery. The case then proceeded to an arbitration, although not labeled such, before the neutral accountant to review and resolve the remaining differences concerning the bonus.
 {¶ 28} Although appellants take issue with the court's having appointed the neutral accountant, the separation agreement provides only that "[t]he parties * * * shall engage an independent accounting firm to review and resolve any such differences." Pursuant to R.C. 2711.04, where no clear provision is made for the appointing of an arbitrator, where a party does not avail himself of a specified method, or where for any other reason there is a lapse in naming an arbitrator, the court may appoint an arbitrator on application of a party. Once again, no objection was made to the court's appointment of the neutral arbitrator and the issue was waived.
 {¶ 29} Appellants also did not argue that any prior terms of the separation agreement had not been satisfied, or seek to enforce those terms under the separation agreement, until after the appointment of the neutral accountant. By failing to object to the appointment of a neutral accountant and proceeding therewith, appellants waived any objections pertaining to prior terms of the contract, including rights to further discovery, to set forth further objections to the Hausser Taylor report, to further consultations between Hausser Taylor and appellants' own accounting representative, and to further development of disputes and differences concerning the Hausser Taylor report. If appellants believed prior steps in the ADR procedure had not been satisfied, then they should have objected to the matter being submitted to a neutral accountant. Once the independent neutral accountant was engaged without objection, appellants waived the right to strict adherence to prior terms of the contract.
 {¶ 30} Following the discharge of Michael Nesser and the appointment of Thomas Campbell of Meaden Moore as the neutral accountant, the court, by agreement of the parties, conducted a pretrial. The court instructed Meaden Moore that it was not to conduct any recalculation of the bonus but was only to review the "alleged violations" identified in the December 28, 2000 report prepared by Joseph E. Kirgesner, who was appellants' accounting expert. Although appellants argue their expert was prevented from completing a report and they never received full discovery, here again, appellants did not object to the appointment of Meaden Moore as the neutral accountant or to the instructions given. Accordingly, appellants waived any objections. Moreover, it would be unreasonable and unjust to allow appellants to challenge the legitimacy of the arbitration process in which they voluntarily participated.
 {¶ 31} Appellants also claim the trial court erred by failing to hold a jury trial. Appellants state they demanded a jury trial in their amended answer to the amended complaint and they never stipulated to a trial without a jury. We find it ironic that appellants on one hand argue they should be entitled to enforce the requirements of the contract and that the court lacked jurisdiction over the case, and on the other, claim they were entitled to a jury trial.
 {¶ 32} The separation agreement clearly implied a waiver of the right to a jury trial to determine the bonus dispute. As stated by one court: "As to the failure of the arbitration clause to include a jury waiver provision, the loss of the right to a jury trial is a necessary and fairly obvious consequence of an agreement to arbitrate. A party who agrees to arbitration is bound even if the clause does not reference or contain an express waiver of the right to a jury trial." Garcia v. Wayne Homes,LLC, Clark App. No. 2001 CA 53, 2002-Ohio-1884 (internal quotation marks and citations omitted).
 {¶ 33} In this case, appellants contractually agreed to have a neutral accountant decide the matter and did not object to the court's appointment of a neutral accountant. Because appellants did not have a right to a jury trial, the trial court did not err in failing to hold one.
 {¶ 34} Assignments of error four, five, six and eight are overruled.
 {¶ 35} Appellants' third assignment of error provides:
"Assignment of Error 3: The trial court erred when it reduced Meaden Moore's findings to a judgment without any authority to do so."
 {¶ 36} Appellants argue that there is no jurisdiction under R.C. Chapter 2711 to confirm a decision made pursuant to a contractual ADR provision other than arbitration. See Palumbo v. Select Mgmt. Holdings,Inc., Cuyahoga App. No. 82900, 2003-Ohio-6045. MRK claims that the neutral accountants were arbitrators to whom the matter was submitted for resolution. We have already determined that the parties' agreement to submit unresolved differences to an independent accounting firm to review and resolve those differences constituted a binding arbitration clause.
 {¶ 37} R.C. 2711.09 authorizes a party to an arbitration to apply to the court for an order confirming the award. "When a motion is made pursuant to R.C. 2711.09 to confirm an arbitration award, the court must grant the motion if it is timely, unless a timely motion for modification or vacation has been made and cause to modify or vacate is shown." WarrenEducation Asso. v. Warren City Bd. of Education (1985), 18 Ohio St.3d 170, syllabus.
 {¶ 38} In this case, ASI did not file a motion for modification or vacation of the award. Instead, ASI filed a motion to prevent the award from being reduced to judgment and to have the matter sent to the contractually agreed-upon ADR procedure. As we have already found, appellants waived many of their contractual rights and agreed to proceed with the arbitration before an independent accounting firm. Appellants failed to demonstrate cause to modify or vacate the award as set forth in R.C. 2711.10 and R.C. 2711.11. As this court has previously recognized, the arbitration procedure set forth in R.C. Chapter 2711 authorizes a limited and narrow judicial review of an arbitration award and a de novo review of the merits of the dispute is not within the contemplation of the statute. Asset Acceptance LLC v. Stancik, Cuyahoga App. No. 84491,2004-Ohio-6912.
 {¶ 39} Assignment of error three is overruled.
 {¶ 40} Appellants' seventh assignment of error provides:
"Assignment of Error 7: The trial court erred in its determination ofthe date of prejudgment interest."
 {¶ 41} The trial court's judgment entry ordered prejudgment interest to begin running on February 29, 2000, which was the date of the report issued by Hausser Taylor that was objected to by appellants under the terms of the separation agreement.
 {¶ 42} "Prejudgment interest under R.C. 1343.03(A) is awarded from the time the amount at issue becomes `due and payable.'" Miller v. WikelMfg. Co. (1989), 46 Ohio St.3d 76, 80. Section 5(a)(iii) of the separation agreement provides that the monies would become due "[w]ithin a period of fifteen (15) days following the determination of the bonus rights." Under R.C. 1343.03(A), appellants' prejudgment interest should have been ordered to run from October 30, 2003, fifteen days following the date of the final determination of bonus rights by Meaden Moore. Accordingly, we modify the judgment of the trial court with respect to prejudgment interest and order prejudgment interest to run from October 30, 2003.
 {¶ 43} Appellants' seventh assignment of error is sustained.
Judgment affirmed in part, modified in part, and remanded for execution of judgment.
This cause is affirmed in part, modified in part and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellants and appellee share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., concurs in judgment only;
 Cooney, J., concurs in judgment only.
[1] Hausser Taylor, LLP ("Hausser Taylor"), a plaintiff in this action, voluntarily dismissed its claims against defendants ASI and Lee Weisinger. Hausser Taylor and Lee Weisinger are not parties to this appeal.