{¶ 12} I respectfully dissent from the majority opinion because I believe there is sufficient evidence that defendant by its actions waived arbitration.
 {¶ 13} This case arises out of plaintiff's purchase of a used vehicle from defendant in August 2004. As part of the transaction, defendant took plaintiff's 1997 vehicle as a trade-in. That car still had an outstanding balance of $2,263.00, which amount was to be added to the financed amount of the new car plaintiff was buying. Plaintiff signed two loan contracts. One of the contracts was the Retail Installment Contract ("the Contract"), which made plaintiff's purchase of the vehicle contingent upon her obtaining credit and financing approval.
 {¶ 14} The Contract states as follows:
As a material inducement to enter into a Retail Purchase or Retail Lease of the vehicle identified in Retail Buyers Order or Retail Lease Order to which this document is incorporated and integrated into, the Purchaser (shall also mean lessee) and Dealership agree to voluntarily, knowingly, irrevocably and unconditionally waive any right to a trial in any state or federal court to resolve any dispute and will submit any dispute to binding arbitration. Binding arbitration shall include all disputes whether based on contract, tort, state or federal statute laws or otherwise, and whether for money damages, penalties, declaratory relief, or equitable relief arising out of or in any way related to this consumer transaction. Bindingarbitration shall be used to resolve all claims arising from thepurchase or lease of the vehicle, financing, warranties, repairs, attempting to obtain financing, the purchase of any optional insurance, service or maintenance agreements, or aftermarket products, or any document or relationship established in this transaction or related transaction regardless of whetherthe transactions were consummated. (Emphasis added).
 {¶ 15} Defendant acted inconsistently with its known right to arbitrate under the Contract and thus waived its right to compel arbitration.
Waiver is the voluntary surrender or relinquishment of a known legal right or intentionally doing an act inconsistent with claiming that right. Marfield v. Cincinnati, D T Traction Co.
(1924), 111 Ohio St. 139, 145, 2 Ohio Law Abs. 438, 144 N.E. 689. Moreover, a party may waive the right to literal compliance with the terms of a contract by engaging in actions or a course of conduct inconsistent with literal compliance.
Hausser Taylor, LLP v. Accelerated Sys. Integration, Inc.,
Cuyahoga App. No. 84748, 2005-Ohio-1017, ¶ 26.
"The essential question is whether, based on the totality of the circumstances, the party seeking arbitration has acted inconsistently with the right to arbitrate." Thornton v.Haggins, Cuyahoga App. No. 83055, 2003-Ohio-7078, quoting Harsco Corp. v. Crane Carrier Co. (1997), 122 Ohio App.3d 406, 410,701 N.E.2d 1040. In order to determine whether a defendant actedinconsistently with arbitration, the court should consider:
"* * * (4) whether the non-requesting party has been prejudicedby the requesting party's inconsistent acts." Id. quotingPhillips v. Lee Homes, Inc. (Feb. 17, 1994), Cuyahoga App. No. 64353, 1994 Ohio App. LEXIS 596, citing Rock v.Merrill, Lynch, Pierce, Fenner Smith, Inc. (1992),79 Ohio App.3d 126, 606 N.E.2d 1054; Brumm v. McDonald Co. Securities, Inc. (1992), 78 Ohio App.3d 96,603 N.E.2d 1141. (Emphasis added).
Chapman Excavating Co. v. Fortney Weygandt, Inc., Cuyahoga App. No. 84005, 2004-Ohio-3867, ¶ 39; Med. Imaging Network, Inc.v. Med. Resources, Mahoning App. No. 04 MA 220, 2005-Ohio-2783, ¶ 22- ¶ 23.
 {¶ 16} "No rigid rule exists as to what constitutes acts inconsistent with the right to arbitrate. Instead, the issue depends on the totality of facts and circumstances of each particular case." Phillips v. Lee Homes, Cuyahoga App. No. 64353, 1994 Ohio App. LEXIS 596, citing Oak Hills Educ. Assoc.v. Oak Hills Ed. of Edn. (Dec. 8, 1975), Hamilton App. No. 75402, unreported.
 {¶ 17} Further,
"`prejudice is the touchstone for determining whether the right to arbitration has been waived.'" Supervalu, 1998 Ohio App. LEXIS 3506, [WL] at *4, citation omitted. "`Whether inconsistent actions constitute prejudice is determined on a case-by-case basis. * * * Prejudice may result from lost evidence, duplication of efforts, use of discovery methods unavailable in arbitration, * * * or litigation of substantial issues going to the merits, * * *. Additionally, a party's failure to assert aprelitigation demand for arbitration may contribute to afinding of prejudice because the other party has no notice ofintent to arbitrate. (Emphasis added.)
Household Realty Corp. v. Rutherford, Montgomery App. No. 20183, 2004-Ohio-2422, ¶¶ 25-26, citing Supervalu Holdings, Inc.v. Schear's Food Centers, Inc., (June 26, 1998), Montgomery App. No. 16881, 1998 Ohio App. LEXIS 3506, *11.
 {¶ 18} Because defendant never made a demand for arbitration but simply repossessed plaintiff's car, plaintiff was prejudiced by having to file this case. She has already spent money on the filing fee and she has spent money opposing defendant's motion to stay. Similarly, plaintiff is prejudiced because of the limited litigation devices available to her in arbitration.
 {¶ 19} Plaintiff also significantly suffered prejudice when her car was repossessed. Although neither parties' brief is clear on what the problem was with plaintiff's financing, they do agree that defendant did not make a pre-litigation demand for arbitration, it simply repossessed plaintiff's car. After defendant took possession of her vehicle, plaintiff filed this case.
 {¶ 20} Whether arbitration is a condition precedent to self-help/repossession depends on the express language of the contract. As noted by the Ohio Supreme Court:
In construing the terms of a written contract, the primary objective is to give effect to the intent of the parties, which we presume rests in the language that they have chosen to employ.Saunders v. Mortensen, 101 Ohio St.3d 86, 2004-Ohio-24, at P9,801 N.E.2d 452, citing Kelly v. Med. Life Ins. Co. (1987),31 Ohio St.3d 130, 31 OBR 289, 509 N.E.2d 411, paragraph one of the syllabus. "Common words appearing in a written instrument will be given their ordinary meaning unless manifest absurdity results, or unless some other meaning is clearly evidenced from the face or overall contents of the instrument." Alexander,53 Ohio St.2d 241, 7 O.O.3d 403, 374 N.E.2d 146, at paragraph two of the syllabus. Where the terms are clear and unambiguous, a court need not go beyond the plain language of the agreement to determine the rights and obligations of the parties. Aultman Hosp. Assn.v. Community Mut. Ins. Co. (1989), 46 Ohio St.3d 51, 53,544 N.E.2d 920, 923. Where possible, a court must construe the agreement to give effect to every provision in the agreement.Foster Wheeler Enviresponse, Inc. v. Franklin Cty. ConventionFacilities Auth. (1997), 78 Ohio St.3d 353, 362, 1997-Ohio-202,678 N.E.2d 519, quoting Farmers Natl. Bank v. Delaware Ins. Co.
(1911), 83 Ohio St. 309, 94 N.E. 834, 8 Ohio L. Rep. 607, paragraph six of the syllabus.
In re All Kelley Ferraro Asbestos Cases,104 Ohio St.3d 605, 2004-Ohio-7104, ¶ 29, 821 N.E.2d 159.
 {¶ 21} In the case at bar, the Contract explicitly states that defendant's sole remedy relating to any issues of financing required it to go to arbitration. Defendant admits, moreover, that plaintiff's financing did not receive approval. The Contract states that arbitration is the remedy to all claims relating to financing or any "relationship established in this transaction or related transaction regardless of whether transactions wereconsummated." Indeed, defendant specifically averred: "Here the consumer transaction was the conditional purchase of the Chevrolet and Plaintiff's attempt to obtain financing." The language of the contract is quite inclusive and specific; there is no need to go beyond the language of the contract.
 {¶ 22} Instead of relying on the contracts, however, the majority turns to two Mississippi cases and an Alabama case:Doleac v. Real Estate Professionals, LLC (Miss. 2005),911 So.2d 496, Russell v. Performance Toyota, Inc. (Miss. 2002),826 So.2d 719, and Ex parte Dickinson (Ala. 1998),711 So.2d 984. The majority cites these cases for the proposition that repossession as a form of self-help is not a waiver of one's right to arbitrate. All these cases are non-binding and non-persuasive authority here in Ohio. Moreover, none of the arbitration clauses in these cases had the same language as the relevant provision in the case at bar. Here, the language of the contract controls.
 {¶ 23} The Contract requires arbitration specifically for "claims arising from financing" regardless of "whether the transactions were consummated." The Contract also includes a repossession clause. As a result, arbitration, as described in the Contract, clearly functioned as a condition precedent to any act of repossession. According to the explicit language of the Contract, defendant "voluntarily, knowingly, irrevocably and unconditionally" agreed to arbitrate any dispute between the parties. Whether defendant had the right to repossess plaintiff's vehicle is an obvious dispute here. The all-inclusive language of the Contract leaves no room for an exception, such as the majority would carve out for self-help/repossession by styling it a home-made remedy. By repossessing plaintiff's vehicle instead of demanding arbitration first, defendant acted inconsistently with its right to arbitrate and thus waived arbitration. Accordingly, the trial court properly overruled defendant's motion to stay proceedings pending arbitration.