THE STATE, EX REL. SUMMIT COUNTY BOARD OF EDUCATION ET AL., APPELLEES, *v.* MEDINA COUNTY BOARD OF EDUCATION ET AL., APPELLANTS.

[Cite as State, ex rel. Summit Cty. Bd. of Edn., v. Bd. of Edn. (1976), 45 Ohio St. 2d 210.]

(No. 75-33—Decided March 3, 1976.)

*Mr. Stephan M. Gabalac,* prosecuting attorney, and *Ms. Susan E. Boyer,* for appellees.

*Mr. Roger R. Ingraham,* prosecuting attorney, and *Mr. Harry E. Van Horsten,* for appellants.

PAUL W. BROWN, J. The two issues presented by this appeal are, fiirst, whether the Highland Board of Education, an appellant herein, was the appropriate taxing authority to levy taxes for the year 1970, the revenues from which were distributed in 1971, upon property transferred from the Revere Local School District to the Highland district, effective July 1, 1970; and second, whether the Highland Local School District is obligated by law to pay those tax moneys which it received in March 1971 to the Revere district.

Ohio law requires the taxing authority of each taxing subdivision in the state (the local board of education being the taxing authority for the local school district) to adopt a tax budget for the next succeeding fiscal year on or before July 15 of each year, and to submit that budget to the county auditor on or before July 20. R. C. 5705.28; R. C. 5705.30. Subsequently, the tax budgets are presented

to the budget commission for review, and the proper tax levy for each taxing subdivision is certified to the appropriate taxing authority. R. C. 5705.27 *et seq.* Each taxing authority must then authorize the tax levy, and certify that levy to the county auditor for collection, before the first day of October in each year, or of such later date as is approved by the Board of Tax Appeals.[2]

The statutory scheme contemplates that one taxing authority alone will levy taxes upon real and personal property for each calendar year, namely, the taxing authority of the taxing subdivision in which the property is located on the date of the tax levy. That requirement is explicit in R. C. 5705.03, which states:

"The taxing authority of each subdivision may levy taxes annually * * * on the real and personal property *within the subdivision* for the purpose of paying the current operating expenses of the subdivision and acquiring or constructing permanent improvements. * * *" (Emphasis added.)

Herein, in November 1970, the Highland Board of Education certified to the auditor of Medina County the rates and amounts to be levied upon property in the Highland Local School District for the year 1970. On that date, and for four months prior thereto, the transferred property was a part of the taxing subdivision designated the Highland Local School District. Therefore, pursuant to R. C. 5705.03, only the Highland Board of Education was authorized to levy taxes thereon.

Appellees do not dispute this interpretation, but cite R. C. 5719.01, and contend that Revere's right to taxes levied upon the transferred property for the period January 1 to July 1, 1970, which revenues were distributed to

---

[2]Property taxes levied in the fall of any particular year are collected and distributed during the following year, and finance operations in this latter year, that is, in the year in which the taxes are collected and distributed. For example, taxes levied in the fall of 1970 (as was done by Highland in this case) are collected and distributed in 1971 to meet operating expenses during 1971.

Highland in March 1971, vested in the Revere district on January 1, 1970. Such an argument misconstrues the effect of R. C. 5719.01.

That statute provides, in pertinent part:

"The lien of the state for taxes levied for all purposes on the real and public utility tax list and duplicate for the year 1954 and each year thereafter shall attach to all real property subject to such taxes on the first day of January, annually, and continue until such taxes and any penalties, interest, or other charges accruing thereon are paid * * *."

Pursuant to the statute, a tax lien attaches in favor of the state, and, through the state, in favor of taxing subdivisions thereof, on January 1 of each year. The single purpose of the statute is to guarantee the payment of taxes by those property owners upon whom a levy of taxes is made. The statute has no significance with regard to the actual levy of taxes, or the time when such taxes are levied. *State, ex rel. Donahey, v. Roose* (1914), 90 Ohio St. 345; *Cincinnati v. Roettker* (1931), 41 Ohio App. 269.

In view of the foregoing, we conclude that only the Highland Board of Education was authorized by law to levy taxes upon the transferred property for the year 1970, and that no statute obligates Highland to pay the moneys distributed to it in March of 1971 to the Revere district. The judgment of the Court of Appeals is reversed.

*Judgment reversed.*

CORRIGAN, STERN and CELEBREZZE, JJ., concur.
O'NEILL, C. J., HERBERT and W. BROWN, JJ., dissent.

O'NEILL, C. J., dissenting. The record shows that the transfer of part of the Revere School District to the Highland School District occurred on July 1, 1970.

As observed by Hunsicker, J., of the Court of Appeals for Medina County, " * * * a tax collection by Medina County authorities [was made] for the first half of 1970, payable in December 1970, and a settlement made to the

respective political subdivision in February, 1971, of the tax thus collected. It is this school tax that was not paid. No evidence has been shown to establish the payment."

Thus, no distribution of the taxes which were collected for the period January 1 to July 1, 1970, from the taxpayers owning property in that portion of the territory of the Revere School District which was transferred to the Highland School District on July 1, 1970, was made to the Revere School District when the settlement was made in February 1971 with regard to the taxes for the period January 1 to July 1, 1970, which were collected in December 1970. It follows that the Revere School District was entitled to distribution of those taxes collected for the first half of the year 1970, and conversely that the Highland School District was not.

The judgment of the Court of Appeals should be affirmed.

HERBERT and W. BROWN, JJ., concur in the foregoing dissenting opinion.