PUBLIC SQUARE TOWER ONE, APPELLEE, *v.* CUYAHOGA COUNTY BOARD OF REVISION ET AL., APPELLANTS.

RIFE ET AL., APPELLANTS, *v.* CUYAHOGA COUNTY BOARD OF REVISION ET AL., APPELLEES.

BRADLEY ASSOCIATES, LTD., APPELLEE AND CROSS-APPELLANT, *v.* CUYAHOGA COUNTY BOARD OF REVISION ET AL., APPELLANTS AND CROSS-APPELLEES.

(Nos. 51200, 51201, 51202, 52422, 52423, 52433 and 52434—Decided November 24, 1986.)

*Fred Siegel* and *Karen H. Bauernschmidt,* for Public Square Tower One, Ronald and Nancy Rife and Bradley Associates, Ltd.

*John T. Corrigan,* prosecuting attorney, *Ralph Sobieski* and *Kevin Purcell,* for the Cuyahoga County Board of Revision and Auditor.

*Armstrong, Gordon & Mitchell* and *Michael L. Gordon,* for the Cleveland Board of Education and the Rocky River Board of Education.

MARKUS, C.J. In three separate rulings, the board of revision increased the tax value for properties sold during the year for which it made that change. In each case, a board of education filed the valuation complaints. Each new valuation reflected the price which the landowner paid for that property. The landowners appealed those rulings to the common pleas court. They argued that the complaints were jurisdictionally defective because they did not identify the former owners who held title at the beginning of that year. Three different judges considered that contention and reached different conclusions.

For the two parcels owned by Public Square Tower One, the first judge accepted the landowner's contention and found the valuation complaints jurisdictionally defective. Consequently, that judge reversed the valuation increase and reinstated the previous valuation for those parcels. The board of education appeals that ruling in our case Nos. 51200 and 51201.

For 'the two parcels owned by Bradley Associates, Ltd., the second judge rejected the claim that the complaint was jurisdictionally defective. However, this judge ruled that the board of revision should not have resolved the complaints without giving the prior landowner notice of the hearing. Consequently, the second judge remanded the case to the board of revision for further proceedings after notifying the prior landowner. The board of education and the current landowner both appeal from that order in our case Nos. 52422, 52423, 52433, and 52434.

For the one parcel owned by the Rifes, the third judge rejected the jurisdiction contention and affirmed the new valuation on the merits. In their appeal (our case No. 51202), the Rifes contest the valuation and also argue that the complaint was jurisdictionally defective.

The assignments of error for each of the appeals are set forth in the Appendix, *infra.*■ ² We agree with the

---

² It appears that several parties lack standing to assert the claims they presented in the trial court or in this court. The complaint's failure to identify the former landowners and the board's failure to notify them seemingly caused no harm to the current landowners. Thus, they may well lack standing to complain about those alleged irregularities. Cf. *Columbus Apartments Assoc.* v. *Bd. of Revision* (1981), 67 Ohio St. 2d 85, 21 O.O. 3d 54, 423 N.E. 2d 147, paragraph two of the syllabus; *Ohio Contract Carriers Assn., Inc.* v. *Pub. Util.* *Comm.* (1942), 140 Ohio St. 160, 23 O.O. 369, 42 N.E. 2d 758, syllabus.

Likewise, the board of revision and the county auditor join the board of education as appellants to this court, without any apparent legal interest in these appeals. The mere fact that the landowners named them as parties in the trial court does not vest them with a right to appeal. Cf. *Diamond* v. *Charles* (1986), 476 U.S. ___, 90 L. Ed. 2d 48, 58; *Bender* v. *Williamsport Area School District* (1986), 475 U.S. 534, 89 L.Ed. 2d 501. The trial court's order did not prejudice them. However, we make no determination about standing, since no party raised that issue.

third judge that the failure to designate or notify the former owners did not prejudicially impair the procedures. Hence, we reverse the rulings for the properties owned by Public Square Tower One and Bradley Associates, Ltd. We remand those cases for the trial court's consideration of the merits of those valuation appeals. We affirm the judgment regarding the Rifes' property.

## I

R.C. 5715.19 prescribes procedures for these valuation complaints:

"(A) A complaint against any of the following determinations for the current tax year shall be filed with the county auditor on or before the thirty-first day of March of the ensuing tax year:

"* * *

"(4) The determination of the total valuation or assessment of any parcel that appears on the tax list * * *;

"* * *

"Any person owning taxable real property in the county or * * * the board of education of any school district with any territory in the county * * * may file such a complaint regarding any such determination affecting any real property in the county * * *.

"(B) Within thirty days after the last date such complaints may be filed, the auditor shall give notice of each complaint in which the stated amount of overvaluation, undervaluation, * * * or incorrect determination is at least seventeen thousand five hundred dollars to each property owner whose property is the subject of the complaint, if the complaint was not filed by such owner * * *. Within thirty days after receiving such notice, * * * a property owner may file a complaint in support of or objecting to the amount of alleged overvaluation, undervaluation, * * * or incorrect determination

stated in a previously filed complaint or objecting to the current valuation. * * *

"(C) Each board of revision shall notify any complainant and also the property owner, if his address is known, when a complaint is filed by one other than the property owner, by certified mail, not less than ten days prior to the hearing, of the time and place the same will be heard. * * *

"(D) The determination of any such complaint shall relate back to the date when the lien for taxes * * * for the current year attached or the date as of which liability for such year was determined. * * *"

Pursuant to R.C. 5715.29 and 5715.30, the Tax Commissioner established DTE Form No. 1 ("Complaint As To The Assessment of Real Property"). The complainant's failure to provide data requested by that form may render the complaint jurisdictionally defective and preclude its consideration by the board of revision. *Stanjim Co.* v. *Bd. of Revision* (1974), 38 Ohio St. 2d 233, 235, 67 O.O. 2d 296, 298, 313 N.E. 2d 14, 16; *Griffith* v. *Bd. of Revision* (1975), 44 Ohio St. 2d 225, 227, 73 O.O. 2d 516, 517, 339 N.E. 2d 817, 819. DTE Form No. 1 requests the complainant to identify the "Owner of property" and the "Complainant if other than" the owner.

On February 21, 1983, the Cleveland Board of Education filed a complaint to increase the value of described property for "Tax Year 1982." The complaint identified Public Square Tower One as the owner, and asked for the property's valuation at its sale price on September 1, 1982. On March 30, 1984, the Rocky River Board of Education filed a complaint to increase the value of another property for "Tax Year 1983." This complaint identified Ronald and Nancy Rife as the owners, and requested the property's valuation at its sale price on October 14, 1983. On March 29, 1985, the Cleveland

Board of Education filed a complaint to increase the value of a third property for "Tax Year 1984." That complaint identified Bradley Associates, Ltd. as the owner, and proposed the property's valuation at its sale price on October 22, 1984.

None of the complaints identified the prior property owner who owned it on the first day of that tax year. Each complaint proposed a valuation increase of more than $17,500. The board of revision notified the owner identified on the DTE Form No. 1 when the complaints were filed and when they were set for hearings. It did not notify the prior owners.

## II

The current landowners argue that R.C. 5715.19 or DTE Form No. 1 requires the complaint to identify the prior landowner. They also claim that R.C. 5715.19 requires the board of revision to notify that prior landowner of any hearing on the complaint. They contend that the code and the complaint form inferentially intend the word "owner" to mean the owner on the tax lien date. By statute the tax lien date is the first day of the tax year. See R.C. 323.11 (formerly part of R.C. 5719.01).

Neither R.C. 5715.19 nor DTE Form No. 1 expressly refers to the owner on the tax lien date. Since the property incurs a continuing liability based on its valuation, the current owner has an obvious financial interest in its tax value. Therefore, the "current owners" cannot mean that the former owners should be identified and notified in place of the current owners. They apparently argue that the word "owner" in the statute and the form means "the current owner *and* the owner on the tax lien date."

Since several owners could hold title during the subject year, they might equally assert that "owner" means "all owners within the tax year." One could also say that "owner" means "owner on the tax assessment date," which is presently October 1. R.C. 319.28. It might mean the "owner on the last allowable tax billing date," presently December 11. R.C. 323.13. Likewise, it could mean the "owner on the tax due date," December 31. R.C. 323.12. The most rational interpretation of the statute and the form governing complaints is that "owner" means the owner when the complaint is filed. See *G & M Lorain Assoc.* v. *Cuyahoga Cty. Bd. of Revision* (Jun. 28, 1984), Franklin App. Nos. 83AP-1206, -1207 and 84AP-75, unreported.

The current landowners mistakenly emphasize the tax lien date, because they wrongly conclude that the owner then incurs some personal liability. However, the tax lien applies to the property; it imposes no personal obligation on any owner of that property. *Southern Ohio Savings Bank & Trust Co.* v. *Bolce* (1956), 165 Ohio St. 201, 208-209, 59 O.O. 290, 294, 135 N.E. 2d 382, 387; *Howard* v. *Dor El Realty Co.* (1969), 20 Ohio App. 2d 191, 193-194, 49 O.O. 2d 279, 280, 253 N.E. 2d 304, 306.

R.C. 5715.19(D) relates the ultimate value determination back to the tax lien date. It does not impose any personal obligation on a former owner who held title on that date. The government's only means to collect delinquent real property taxes are (a) a conveyance to the taxing authority pursuant to R.C. 5722.10, or (b) a foreclosure pursuant to R.C. Chapter 5721. The tax lien statute "has no significance with regard to the actual levy of taxes, or the time when such taxes are levied." *State, ex rel. Summit Cty. Bd. of Edn.,* v. *Bd. of Edn.* (1976), 45 Ohio St. 2d 210, 74 O.O. 2d 323, 343 N.E. 2d 110, paragraph two of the syllabus.

The school district on the tax lien date cannot share tax receipts for

property transferred to another district during the tax year. *Id.* Like the previous taxing unit, the previous property owner has no legal interest in that tax year. The title to that property is subject to a lien for taxes, whenever they are assessed or due. That lien reduces the property's value for the owner whenever it applies, but it creates no personal duty for any specific owner to pay such taxes.

The parties to a sale may agree to apportion taxes of record on the date when title transfers. For the Bradley Associates, Ltd. transaction, they even agreed to apportion any tax change caused by a later valuation for the year surrounding that transfer. However, their private agreements cannot create a duty for the valuation complainant or the board of revision to identify or notify additional persons. Cf. *G & M Lorain Assoc.* v. *Cuyahoga Cty. Bd. of Revision, supra.* The current owner who wants the former owner to participate in the hearing can invite that participation himself. *Id.*

Neither the code nor the complaint form requires notice to a tenant who pays the owner's property taxes, despite that tenant's concern about valuation changes. The tenant's interest derives from a private agreement with the current landowner. Manifestly, there is no better reason to require the complainant or the board to identify or notify the prior landowner, whose only financial interest derives from a private agreement. Due process does not require them to notify a former landowner who has no direct legal interest in the valuation proceedings. The former owner could not challenge the revaluation in his own name and could not file his own cross-complaint for a different valuation.

The Rifes' assignments of error also complain that the new valuation was unsupported and unjustified, but they fail to argue that contention in their brief. Hence, we are free to disregard those contentions. See App. R. 12(A). However, the record supports the trial court's finding, since the arm's-length sale price is presumptive evidence of the property's value. R.C. 5713.03; *Ratner* v. *Stark Cty. Bd. of Revision* (1986), 23 Ohio St. 3d 59, 23 OBR 192, 491 N.E. 2d 680, syllabus.

We overrule the assignments of error presented by the Rifes and Bradley Associates, Ltd. We sustain the assignments presented by the Cleveland Board of Education and its associated appellants in the Public Square Tower One and Bradley Associates cases. Accordingly, we affirm the judgment in case No. 51202. We reverse the judgments in case Nos. 51200, 51201, 52422, 52423, 52433, and 52434, and remand those cases for the trial court to determine their merits.

*Judgment accordingly.*

PRYATEL and PARRINO, JJ., concur.