{¶ 1} In this accelerated appeal, appellant Lawrence Harris appeals the trial court's denial of his motion to stay pending arbitration. He assigns the following error for our review:
 "I. The trial court erred by denying a motion for stay pending arbitration against an individual defendant, with standing to enforce the arbitration clause." *Page 3 
 {¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 {¶ 3} Appellee Corporate Floors, Inc. ("CFI") filed suit against appellants Lawrence Harris Construction Co., Inc. ("LHC") and its president Lawrence Harris, individually, for breach of contract, violation of the Prompt Pay Act, fraud, and piercing the corporate veil. These claims arose out of LHC's failure to pay CFI per the terms of their contract. Harris signed the contract in his capacity as President of LHC. Both LHC and Harris moved to stay the action pursuant to R.C.2711.02, because the contract contained an arbitration clause. On June 26, 2006, the trial court granted the motion to stay with respect to LHC, but denied it as to Harris, individually.
 Application of the Arbitration Clause to Harris {¶ 4} Harris claims in his sole assigned error that the trial court erred in refusing to apply the arbitration clause to the claims brought against him as an individual. We disagree.
 {¶ 5} Our standard of review in determining whether the trial court has properly granted or denied a motion to stay the proceedings is abuse of discretion.[1] An abuse of discretion connotes more than an error of law or *Page 4 
judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.[2]
 {¶ 6} "As a general proposition, a party to an action cannot be required to arbitrate a dispute between itself and a second party unless those parties have previously agreed in writing to arbitration. * * * When a complaint has been brought against both parties and nonparties to an arbitration agreement, arbitration can only be ordered as to the parties who agreed to the arbitration provision."[3] In the instant case, Harris did not sign the contract as an individual, but in his capacity as president.
 {¶ 7} In Suttle v. DeCesare,[4] we addressed this exact circumstance where the president of the company signed the contract in his corporate capacity and was sued as an individual. We explained that "parties cannot be compelled to arbitrate disputes that they have not agreed in writing to arbitrate." We then held that because the president had not signed in his individual capacity, he was not a party to the arbitration agreement. Likewise, the courts in Kline v. Oak RidgeBuilders[5] and Cahill v. New Richmond[6] held that a president, signing a *Page 5 
contract in his corporate capacity, is not bound as an individual to the arbitration provision contained within the contract.
 {¶ 8} Based on the above cases, an arbitration clause is binding only upon the specific parties to the agreement. Harris signed the contract, not in his individual capacity, but in his corporate capacity as LHC's representative. He is thus, not personally a party to the contract. Therefore, he is not bound by the arbitration agreement.
 {¶ 9} In so holding, we note Harris' reliance on the second district case of Genaw v. Lieb[7] in support of his argument is misplaced. InGenaw, the defendant was an employee, broker, and agent of Westminister Financial, who executed at least one broker agreement on behalf of Westminister for Genaw. Genaw's claims against the employee related to his alleged wrongful conduct as his broker/agent. In holding the arbitration clause applied to the employee, the court held that "the distinction between attempting to recover from the investment account company and the individual advisor is irrelevant. "[8] That is, any misconduct on the part of the broker arose from his duties as Westminister's agent. In the instant case, CFI is seeking not only to pierce the corporate veil in order to hold Harris liable, but is also seeking to hold Harris personally liable for fraud. This is separate from CFI's claims against LHC. *Page 6 
 {¶ 10} Harris' reliance on Krafcik v. USA Energy Consultants,Inc.[9] is also misplaced. In Krafcik, the trial court refused to enforce the arbitration provision in its entirety because a nonparty to the arbitration clause was also sued. The defendant, who was a party to the contract containing the arbitration clause appealed for its enforcement. We held the trial court erred in not enforcing the clause as to the party to the contract. This differs from the instant case. Here, the trial court did not refuse to apply the arbitration clause entirely, but only refused to apply it to the nonparty to the contract. This was in compliance with Ohio law.
 {¶ 11} At oral argument, Harris argued the Ohio Supreme Court inGerig v. Kahn[10] and this court in McKee v. Merrill, Lynch, Pierce,Fenner,[11] reversed the trial court regarding the identical issue in this case. We find these cases are distinguishable because they do not involve non-signatories seeking to enforce an arbitration provision.
 {¶ 12} In Gerig, the plaintiffs suing in malpractice, sought to enforce the contract between the hospital and the negligent doctor regarding insurance coverage. The Ohio Supreme Court held that because the non-signatory plaintiffs were seeking the enforcement of a contract from which they would derive a benefit, that is, funds from which to recover damages, they were bound *Page 7 
by the arbitration agreement contained within the insurance contract between the doctor and the hospital. Subsequent courts have held the holding in Gerig applies when a non-signatory is seeking to enforce obligations in an agreement in which the arbitration clause is contained.[12] Harris is not seeking to enforce the contract. In fact, Harris is one of the defendants in the instant case; therefore, he is not seeking to recover under the contract. Moreover, as we previously stated, CFI is also claiming that Harris committed fraud, which is a claim entirely outside the scope of the contract.
 {¶ 13} Accordingly, we conclude the trial court did not abuse its discretion in refusing to apply the arbitration agreement to Harris as an individual. Harris' sole assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 8 
PATRICIA ANN BLACKMON, PRESIDING JUDGE
MELODY J. STEWART, J., and MARY J. BOYLE, J., CONCUR
[1] Harsco Corp. v. Crane Carrier Co. (1997), 122 Ohio App.3d 406;Carter Steel Fabricating Co. v. Danis Bldg. Constr. Co. (1998),126 Ohio App.3d 251, 254-255.
[2] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[3] Panzica Constr. Co. v. GRE Ins. Group, Cuyahoga App. No. 79931, 2002-Ohio-2023, ¶ 16.
[4] (July 5, 2001), Cuyahoga App. No. 77753.
[5] (1995), 102 Ohio App.3d 63.
[6] 12th Dist. No. CA2001-12-093, 2002-Ohio-3881.
[7] 2nd Dist. No. 20593, 2005-Ohio-807.
[8] Id. at ¶ 17.
[9] (1995) 107 Ohio App.3d 59.
[10] 95 Ohio St.3d 478, 2002-Ohio-2581.
[11] Cuyahoga App. No. 83936, 2004-Ohio-3874.
[12] Henderson v. Lawyers Title Ins. Corp., 108 Ohio St.3d 265,2006-Ohio-906 at ¶ 42; Simon v. Commonwealth Land Title Ins. Co., Cuyahoga App. No. 84553, 2005-Ohio-1007 at ¶ 36; I Sports v. IMGWorldwide, Inc., 157 Ohio App.3d 593, 2004-Ohio-3631; Benjamin v.Pipoly, 155 Ohio App.3d 171, 2003-Ohio-5666. *Page 1