[Cite as *Kiddie Co. Enrichment Ctr. v. Cuyahoga Cty. Bd. of Revision*, 2012-Ohio-5717.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 98515

## KIDDIE COMPANY ENRICHMENT CENTER, ET AL.

PLAINTIFFS-APPELLANTS

vs.

## CUYAHOGA COUNTY BOARD OF REVISION, ET AL.

DEFENDANTS-APPELLEES

JUDGMENT:

# REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CP CV-775897

**BEFORE:**  E. Gallagher, J., Boyle, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:**  December 6, 2012

## ATTORNEY FOR APPELLANT

Jeffrey D. Haines
Haines Law Office, LLC
Normandy Professional Bldg.
77 Normandy Drive, Suite 1
Painesville, Ohio    44077

## ATTORNEYS FOR APPELLEE

**Cuyahoga County Board of Revision**

Jennifer A. Antoon
Brindza Mcintyre & Seed LLP
1111 Superior Avenue
Suite 1025
Cleveland, Ohio    44114

Timothy J. McGinty
Cuyahoga County Prosecutor

By:    Mark R. Greenfield
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street

Cleveland, Ohio  44113

**South Euclid-Lyndhurst School District**

Jennifer A. Antoon
Robert A. Brindza
Susanne M. Degennaro
Daniel M. Mcintyre
David A. Rose
David H. Seed
Brindza Mcintyre & Seed LLP
1111 Superior Avenue
Suite 1025
Cleveland, Ohio    44114

EILEEN A. GALLAGHER, J.:

{¶1} This cause came to be heard upon the acelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1.  Kiddie Company Enrichment Center, Ltd. appeals from the Cuyahoga County Court of Common Pleas order affirming the dismissal of appellant's complaint against the valuation of real property by the defendant-appellee, Cuyahoga County Board of Revision.  For the following reasons, we reverse and remand.

{¶2}  Appellant is a limited liability company incorporated in the state of Ohio.  Scott Kellogg is the managing member and president of the company.

{¶3} In July 2008, appellant purchased three parcels of real property for $875,000 as the sole bidder at a public auction in Lyndhurst, Ohio. The parcels are located at 1111 Alvey Avenue and are identified by the Cuyahoga County fiscal officer as parcels 712-08-010, 712-08-011 and 712-07-005. In tax year 2009, the fair market value of the properties was appraised at a combined value of $2,258,800.

{¶4} Scott Kellogg filed a complaint (the "2010 complaint") against the tax year 2009 valuation. In filling out the complaint form, Kellogg listed himself and his wife, Faith Kellogg, as the owners of the property. On the signature line of the form, Kellogg signed his name but did not indicate any position with, or relation to, appellant. Appellant's name is not mentioned anywhere on the face of the 2010 complaint.

{¶5} The board of revision dismissed the 2010 complaint. Relying on *Public Square Tower One v. Cuyahoga Cty. Bd. of Revision*, 34 Ohio App.3d 49, 516 N.E.2d 1280 (8th Dist.1986), the board found that Kellogg's failure to list the correct owner of the property rendered the complaint defective and, therefore, the board lacked jurisdiction to hear the case on its merits. The record does not indicate that Kellogg or appellant appealed that order.

{¶6} A second complaint (the "2011 complaint") was filed against the valuation of the real property located at 1111 Alvey Avenue. Scott Kellogg

again completed the complaint form in which appellant was listed as the owner of the property and Kellogg was listed as the complainant. In the signature area, Kellogg indicated that he was signing and filing the complaint in his capacity as the president and managing member of appellant.

{¶7} The board of revision dismissed the 2011 complaint by relying on R.C. 5715.19(A)(2) and the Ohio Supreme Court's holding in *Elkem Metals Co. v. Washington Cty. Bd. of Revision*, 81 Ohio St.3d 683, 693 N.E.2d 276 (1998). The board found that the 2011 complaint was a second filing in the same triennium, and because none of the exceptions contained in R.C. 5715.19(A)(2)(a) through (d) were applicable, the 2011 complaint was barred.

{¶8} Pursuant to R.C. 5717.05, appellant filed an appeal of the board of revision's order with the Cuyahoga County Court of Common Pleas, which affirmed the board's order. The appellant filed its notice of appeal to this court.

{¶9} Appellant's sole assignment of error states:

> The Cuyahoga County Court of Common Pleas erred in affirming the Board of Revision's dismissing of Kiddie Company Enrichment Center, Ltd.'s 2010 complaint for lack of jurisdiction pursuant to *Elkem Metals Co., L.P. v. Washington Cty. Bd. of Revision* (1988), 81 Ohio St.3d 683 (second filing in a triennium period) as there is no evidence that it had ever previously filed a complaint against the valuation of real property.

{¶10} We review an appeal from a trial court's decision on a complaint

against the valuation of real property for an abuse of discretion. *Black v. Bd. of Revision of Cuyahoga Cty.*, 16 Ohio St.3d 11, 475 N.E.2d 1264 (1985)*; Weiss v. Bd. of Revision*, 8th Dist. No. 67681, 1995 Ohio App. LEXIS 1932 (May 11, 1995). An appellate court undertaking a review for abuse of discretion may not overturn the trial court "simply because the appellate court might not have reached the same conclusion or is, itself, less persuaded by the trial court's reasoning process than by the countervailing arguments." *State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, 972 N.E.2d 528, ¶ 14. Appellant bears the burden of showing that the trial court's decision was "unreasonable, arbitrary, or unconscionable." *J.M. Smucker, LLC v. Levin*, 113 Ohio St.3d 337, 2007-Ohio-2073, 865 N.E.2d 866, ¶ 16.

{¶11} R.C. 5715.19(A)(1) provides, in pertinent part, that "any person owning taxable real property in the county * * * [and] if the person is a * * * limited liability company, or corporation, an officer, a salaried employee, a partner, or a member of that person * * * may file * * * a complaint regarding" valuation of any real property in that county. As relevant to this appeal, R.C. 5715.19(A)(2) provides that "[n]o person, board, or officer shall file a complaint against the valuation or assessment of any parcel that appears on the tax list if it filed a complaint against the valuation or assessment of that parcel for any prior tax year in the same interim period"

absent one of four changes in circumstance. None of the four changes in circumstance are applicable here; therefore, the sole issue is whether appellant filed a previous complaint within the same interim period, which pursuant to R.C. 5715.24(A)(2) is the three-year period between property value reappraisals. As Cuyahoga county had its most recent R.C. 5715.24 reappraisal in 2009, both the 2010 complaint and 2011 complaint are within the same "interim period."

{¶12} Appellant's argument is simple: *it* did not file the 2010 complaint; Scott Kellogg did. Appellant argues that Kellogg made no indication in the 2010 complaint that he was acting in his capacity as an agent of appellant and, therefore, he was acting in his individual capacity. Thus, appellant should not be held responsible for Kellogg's actions. We find this argument compelling.

{¶13} The idea that a corporation is a legal entity separate and distinct from its members is an accepted principle of law. As stated by the United States Supreme Court in *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 121 S.Ct. 2087, 150 L.Ed.2d 198 (2001), a corporation and an employee "are different 'persons,' even where the employee is the corporation's sole owner." *Id.* at 163. The court reasoned that this construction is appropriate because the "basic purpose" of incorporation is to create a "distinct legal

entity, with legal rights, obligations, powers, and privileges different from those of the natural individuals who created it, who own it, or whom it employs." *Id.* The Ohio Supreme Court also agrees with this proposition. *See Agley v. Tracy*, 87 Ohio St.3d 265, 268, 719 N.E.2d 951 (1999) ("A corporation is an entity separate and apart from the individuals who compose it; it is a legal fiction for the purpose of doing business.") (Emphasis omitted.)

**{¶14}** A corollary of the "distinct legal entity" principle is that corporate officers, members and employees may act in more than one capacity: they may act in their corporate capacity, according to their status within the corporation or in their individual capacity, as citizens and members of society. *J.D.S. Properties v. Walsh*, 8th Dist. No. 91733, 2009-Ohio-367, ¶ 19 ("An officer of a corporation is not personally liable on contracts for which his corporate principal is liable, unless he intentionally or inadvertently binds himself as an individual."); *Corporate Floors, Inc. v. Lawrence Harris Const.*, 8th Dist. No. 88464, 2007-Ohio-2631, ¶ 8 ("Harris signed the contract, not in his individual capacity, but in his corporate capacity as LHC's representative. He is thus, not personally a party to the contract. Therefore, he is not bound by the arbitration agreement"). Furthermore, a member of a corporation does not have a personal ownership interest in property owned by the corporation. *See Parma City School Dist. v. Cuyahoga Cty. Bd. of*

*Revision*, BTA No. 2003-T-1035, 2004 WL 1698440, at *3 (July 23, 2004) (concluding, after analysis of statutes and case law, that "Mr. Rzepka's membership interest in an Ohio limited liability company provides no ownership interest in [the company's property that was the subject of the appeal]").

{¶15} Therefore, the central issue in this appeal is whether Kellogg signed the 2010 complaint in his individual capacity or in his corporate capacity as the president and managing member of appellant.

{¶16} The trial court's journal entry affirming the dismissal of appellant's 2011 complaint indicates that the trial court concurred in the board of revision's reliance on *Elkem*. The facts of *Elkem* are distinguishable from those in this case in one crucial respect, however. The taxpayer's argument in *Elkem* was that its second complaint was not barred by R.C. 5715.19(A)(2) because its first complaint had been dismissed on jurisdictional grounds and was therefore never "filed." In this case appellant does not argue that the first complaint was a nullity or was never "filed." Appellant argues only that it was not the party who filed the first complaint. This was not an issue in *Elkem*, as there was no dispute in that case as to whether the taxpayer had filed the first complaint. Therefore, *Elkem*'s holding is not controlling in this case.

{¶17} Appellee's argument for a plain-text reading of R.C. 5715.19(A)(2) is unavailing. According to this argument, appellant's 2011 complaint was correctly dismissed under *Elkem* because Scott Kellogg had signed and "filed" both the 2010 complaint and 2011 complaint. This argument fails because it ignores the issue of Kellogg's representative capacity in filing the 2011 complaint. When a taxpayer that is not an individual person, such as appellant, files a complaint against the valuation of its real property, the *taxpayer* is the person filing the complaint — not whatever representative of the taxpayer who happens to sign and deliver the complaint form. This is borne out by the *Elkem* opinion itself. At no point did the court say that Elkem's attorney, CEO, or other member "filed" the complaint; rather, the court referred to Elkem itself filing the complaint. *See id.* at 687 ("Thus, when Elkem delivered *its* complaint for tax year 1993 to the BOR, *it* 'filed' a complaint"). (Emphasis added.) The Ohio Supreme Court subsequently repeated this interpretation, stating that "[w]e ruled as we did in *Elkem* because the *property owner* had delivered a prior complaint to the proper official, who received and filed it in the interim period." (Emphasis added.) *Specialty Restaurants Corp. v. Cuyahoga Cty. Bd. of Revision*, 96 Ohio St.3d 170, 2002-Ohio-4032, 772 N.E.2d 1165, ¶ 11.

{¶18} Furthermore, this interpretation reinforces the goal of the statute. The self-evident purpose of R.C. 5715.19(A)(2)'s rule against multiple filings in the same interim period is to prevent taxpayers from repeatedly contesting valuations of the same parcel(s) of property within the same interim period. In the case of a taxpayer that is a corporation or other form of organization, basing the determination of who has "filed" a complaint on only the individual identity of who signed the complaint form would frustrate that purpose. A corporate taxpayer, such as appellant, which under the terms of R.C. 5715.19(A)(1) has multiple members capable of filing a complaint under R.C. 5715.19(A)(2), would be able to file multiple complaints within the same interim period simply by having different individual members of the organization sign the various complaints, thereby becoming the party "filing" them. Under that construction of the statute, in the instant case there would have been no dispute over appellant's 2011 complaint if appellant's attorney had signed the complaint form rather than Scott Kellogg. Such a construction would be arbitrary at best, and would afford corporate taxpayers an unfair advantage over individual taxpayers.

{¶19} Appellees also argue that appellant should be bound by the 2010 complaint because there is a "unity of interest" between appellant and Kellogg. In support of this argument, appellees cite two cases from the

Board of Tax Appeals: *Richmond Mall, Inc. v. Cuyahoga Cty. Bd. of Revision*, BTA No. 90-P-1155, 1993 WL 233138 (June 18, 1993) and *Jaydee Realty Co. v. Cuyahoga Cty. Bd. of Revision*, BTA Nos. 98-S-239, 98-S-310, and 98-S-311, 1998 WL 724798. Each of those cases involved a lessor-lessee situation where one of the parties attempted to file a valuation complaint after the other party had filed a complaint within the same interim period. The board of tax appeals held that, because the lessee and lessor in each case were in privity with each other and the lessee's right to file the complaint was a derivative right acquired by contract from the lessor, the preceding complaint in each case barred the subsequent complaint within the same interim period. *Richmond Mall.* Applying this holding to the facts of the case at bar, appellees argue that there is a unity of interest between the parties because Kellogg is the president and managing member of appellant.

{¶20} We do not agree. The unity of interest theory is premised on contractual privity between parties and one party acquiring derivative rights from the other. Here, there is no such privity, and no derivative rights are at issue. As discussed above, even if Kellogg is the sole member or officer of appellant, appellant is nevertheless a distinct legal entity from Kellogg as an individual. There is certainly a unity of interest between appellant and Kellogg as appellant's president and managing member, and Kellogg acquired

derivative rights to act on behalf of the company in his capacity as president and managing member; but this unity of interest and these derivative rights do not extend to Kellogg as an individual. Absent evidence of a contract between appellant and Kellogg, the individual, expressly granting to Kellogg the power to bring valuation complaints on behalf of appellant, we cannot agree that Kellogg, the individual, was in privity with or acquired derivative rights of appellant. The question, therefore, is whether Kellogg signed and filed the 2010 complaint in his corporate capacity as appellant's agent or in his individual capacity.

{¶21} As the trial court failed to address the issue of whether Kellogg signed the 2010 complaint in his individual or corporate capacity, we find that the trial court's decision is arbitrary and unreasonable and, therefore, an abuse of its discretion. Accordingly, we reverse and remand to the trial court with instructions to remand to the Cuyahoga County Board of Revision for rehearing and determination of this issue.

{¶22} Appellant's sole assignment of error is sustained.

{¶23} The judgment of the trial court is reversed and the case is remanded to the Cuyahoga County Board of Revision.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the

lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to

Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR