[Cite as *Gevaldig Ents., L.L.C. v. Steen*, 2013-Ohio-377.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98801**

# GEVALDIG ENTERPRISES, L.L.C.

PLAINTIFF-APPELLEE

vs.

# WADE STEEN, COUNTY FISCAL OFFICER

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-779803

**BEFORE:** Kilbane, J., Boyle, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** February 7, 2013

**ATTORNEY FOR APPELLANT**

J. Alex Morton
5247 Wilson Mills Road
Suite 334
Richmond Heights, Ohio 44143

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Reno J. Oradini, Jr.
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} Plaintiff-appellant, Gevaldig Enterprises, L.L.C. ("Gevaldig"), appeals from the order of the trial court that denied its motion for relief from a judgment dismissing its appeal of a Cuyahoga County Board of Revision ("BOR") determination that valued its parcel at $80,000. For the reasons set forth below, we conclude that the trial court did not abuse its discretion in denying the motion for relief from judgment and affirm.

{¶2} In the tax year 2010, the county set the taxable value of property located at 3675 Randolph Road in Cleveland Heights at $33,850. On March 31, 2011, Vladimir Victor ("Victor") of Gevaldig filed a complaint with the BOR, asserting that the true taxable value of the parcel is $2,100, because it was purchased for $6,000. The address to which notices are to be sent was listed on the complaint as 3675 Randolph Road in Cleveland Heights.

{¶3} The matter was set for an oral hearing before the BOR on August 10, 2011. The BOR sent notice of the hearing to Gevaldig by certified mail at the address provided by Victor at 3675 Randolph Road in Cleveland Heights, but the record indicates that on July 19, 2011, it was returned to the BOR as unclaimed.

{¶4} The hearing proceeded on August 10, 2011, and the BOR noted:

Complainant did not appear. No evidence proffered to establish existence of arm's length sale, e.g., relation of parties, circumstances of sale, motivations to sell. Deed dated 7/30/10, but recorded 4/6/11. Timely delivery on or before [date of Gevaldig's BOR appeal] 3/31/11 is unknown so unanswered jurisdiction issues as to proper party. Titled owner for *Public Square* [*Tower One v. Cuyahoga Cty. Bd. of Revision*, 34 Ohio

App.3d 49, 516 N.E.2d 1280 (8th Dist.1986)], recording is prima facie of delivery. *Behymer* [*v. Six*, 5th Dist. No. CA02-006], 2002-Ohio-6403, par. 13. No comps. No appraisal. No income/expense info. Burdens failed.

{¶5} On August 24, 2011, the BOR issued a determination that indicated the fair market value of the parcel is $80,000. The BOR also advised Gevaldig that it could appeal the determination to the court of common pleas pursuant to R.C. 5717.01 within 30 days. The BOR determination was sent to Gevaldig by certified mail on August 24, 2011, and was accepted by an individual named Stephanie Helmondale ("Helmondale").

{¶6} On April 5, 2012, Gevaldig filed an appeal to the court of common pleas. On May 29, 2012, the county fiscal officer filed a motion to dismiss, noting that the matter was not filed within the 30-day limit set forth in R.C. 5717.05 and that this time period is jurisdictional.

{¶7} In opposition, Gevaldig complained that it did not receive notice of the hearing, attaching Victor's affidavit asserting that although Helmondale accepted service of the August 24, 2011 notice, she "was not authorized by me to accept certified mail on behalf of Gevaldig Enterprises, LLC."

{¶8} On June 14, 2012, the trial court granted the county's motion to dismiss, noting that the appeal was filed outside the 30-day jurisdictional time limit. On July 2, 2012, Gevaldig filed a motion for relief from judgment in which Victor averred that, although Helmondale accepted service of the August 24, 2011 BOR decision that was sent to 3675 Randolph Road, he did not receive it.

{¶9} The trial court denied the motion for relief from judgment on July 18, 2012. Gevaldig now appeals and assigns the following error for our review:

The trial court erred in denying [Gevaldig's] Motion for Relief from Judgment.

**{¶10}** An appellate court will not reverse the trial court's ruling on a motion for relief from judgment unless the trial court abused its discretion. *Rose Chevrolet, Inc. v. Adams,* 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988). An abuse of discretion standard requires a showing that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *In re Jane Doe 1*, 57 Ohio St.3d 135, 137, 566 N.E.2d 1181 (1991). When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621, 1993-Ohio-122, 614 N.E.2d 748 (1993).

**{¶11}** Civ.R. 60(B) governs motions for relief from judgment and provides in part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

**{¶12}** The county insists that Civ.R. 60(B) relief is not applicable to this matter. Civ.R. 1(A) states that the Civil Rules "prescribe the procedure to be followed in all courts of this state[,]" subject to the exceptions set forth in Civ.R. 1(C).

**{¶13}** Civ.R. 1(C) states that the Civil Rules do not apply "where they would by their nature be clearly inapplicable[.]" In *Trebmal Constr. v. Cuyahoga Cty. Bd. of Revision*, 94 Ohio App.3d 246, 640 N.E.2d 601 (8th Dist.1994), this court noted that Civ.R. 41(A)(1)(a) dismissals are clearly inapplicable to appeals under R.C. 5717.05 because "they [alter the basic statutory design set forth in the statutes regarding tax valuations[.]"  However, the *Trebmal* court did not find Civ.R. 60(B) motions to be inapplicable and addressed the appellant's claim for Civ.R. 60(B) relief under the three-part test set forth in *GTE Automatic Elec., Inc. v. ARC Indus., Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.  *Accord Signature Square Assoc. v. Cuyahoga Cty. Bd. of Revision*, 8th Dist. No. 56767, 1990 LEXIS 1317 (Mar. 29, 1990) (court addressed motion for Civ.R. 60(B) relief under the three-part test set forth in *GTE Automatic*).  Therefore, we reject the county's contention that Civ.R. 60(B) relief is inapplicable herein.

> **{¶14}** To prevail on a Civ.R. 60(B) motion, the movant must demonstrate that:
>
> (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*GTE Automatic Elec., Inc.*

**{¶15}** The moving party fails the *GTE* test by not meeting any one of the three requirements.  *Rose Chevrolet, Inc.,* 36 Ohio St.3d at 20, 520 N.E.2d 564 (1988).  To warrant a hearing on a Civ.R. 60(B) motion, the movant must allege operative facts that

would warrant relief under Civ.R. 60(B). *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 19, 1996-Ohio-430, 665 N.E.2d 1102. A movant is not required to submit evidentiary material in support of the motion, but a movant must do more than make bare allegations of entitlement to relief. *Id*. at 20.

{¶16} As an initial matter, we note that Gevaldig's motion was filed one month after the court dismissed the complaint, and the county does not dispute the timeliness of the motion.

{¶17} As to the issue of whether Gevaldig presented a meritorious defense, the BOR determination noted the following issues in connection with Gevaldig's appeal:

> No evidence proffered to establish existence of arm's length sale, e.g., relation of parties, circumstances of sale, motivations to sell. Deed dated 7/30/10, but recorded 4/6/11. Timely delivery on or before [date of Gevaldig's BOR appeal] 3/31/11 is unknown so unanswered jurisdiction issues as to proper party.

{¶18} In its motion for relief from judgment, however, Gevaldig failed to address these issues as it presented nothing to demonstrate the existence of an arm's length sale or the fact that its complaint with the BOR preceded the recording of its deed to the parcel. Therefore, Gevaldig has not alleged a meritorious defense in the event that relief is granted.

{¶19} As to grounds for relief from judgment, Gevaldig asserted "mistake, inadvertence, surprise or excusable neglect," pursuant to Civ.R. 60(B)(1) on the basis that it did not receive notice of the BOR determination that was served upon Helmondale. Pursuant to R.C. 5717.05, "[t]he appeal shall be taken by the filing of a notice of appeal

with the court and with the board within 30 days after notice of the decision of the board is mailed as provided in section 5715.20 of the Revised Code." R.C. 5715.20(A) states that whenever a county board of revision renders a decision on a complaint, the board shall certify its action by certified mail to the person in whose name the property is listed or sought to be listed and to the complainant.

{¶20} In this matter, service was completed at the address provided by Victor. At no point did Gevaldig inform the BOR that service should be made at a different address or advise the BOR that the occupant of the parcel could not receive service. Therefore, we agree with the trial court's determination that Gevaldig failed to establish grounds for relief from judgment under Civ.R. 60(B)(1).

{¶21} In accordance with the foregoing, we conclude that Gevaldig failed to establish the requirements for relief from judgment as set forth in *GTE Automatic*, and that the trial court, therefore, acted within its proper discretion in denying the motion.

{¶22} The assignment of error is without merit.

{¶23} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

MARY J. BOYLE, P.J., and
EILEEN A. GALLAGHER, J., CONCUR